UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BETTY COOPER, et al.,

    Plaintiffs,

    v.

THE HARTFORD FINANCIAL
SERVICES GROUP, INC.,

    Defendant.

Civil Action No. 04-383 (HHK/JMF)

REPORT AND RECOMMENDATION

This case was referred to me for report and recommendation on Plaintiffs' Motion for Award of Prejudgment and Postjudgment Interest ("Pls. Mot.") [#23]. For the reasons stated herein, I recommend that plaintiffs' motion be denied as to post-judgment interest and granted as to pre-judgment interest.

BACKGROUND

This action arises from a prior action in which plaintiffs asserted claims against First Government Mortgage & Investors Corporation ("First Government") and other defendants for violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*,[1] a corollary District of Columbia statute, D.C. Code § 28-3301 *et seq.*, the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639, the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3901 *et seq.*, and the District of Columbia Mortgage Lender and Broker Act of 1996, D.C. Code § 26-11-

---

[1] All citations to the United States Code or the District of Columbia Code are to the versions available electronically through Westlaw or Lexis.

1 *et seq*. See Complaint ("Compl.") at ¶ 21.  Prior to trial, plaintiffs reached settlement agreements with every defendant except First Government and, after trial, First Government was found to have violated the Truth in Lending Act and the District of Columbia Consumer Protection Procedures Act.  Cooper v. Hartford Fin. Servs. Group, Inc., No. 04-383, Memorandum Opinion at 2 (D.D.C. Jan. 5, 2006).  By judgments dated April 10, 2003, and June 10, 2003, plaintiffs were awarded $4,125,000 in punitive damages, $543,734,250 in attorneys' fees, and compensatory damages in varying amounts for each plaintiff.  Compl. at ¶¶ 26-27.  On August 22, 2003, the Court further awarded plaintiffs attorneys' fees.  Id. at ¶ 28.  Because First Government had filed for Chapter 11 bankruptcy in February 2001, plaintiffs were unable to recover on their judgment.  See id. at ¶¶ 23-30.

Accordingly, in order to recover on their judgment against First Government, plaintiffs brought the present lawsuit against Hartford Financial Services Group, Inc. ("Hartford"), with which First Government held four surety bonds.  See Compl. at ¶ 1.  Under the District of Columbia Mortgage Lender and Broker Act, as a condition of obtaining or renewing a license to do business in the District, brokers and lenders are required to post a surety bond.  See D.C. Code § 26-1103.  First Government first purchased a $50,000 surety bond from Hartford in November of 1996, which was re-issued each year for the next four years,[2] until First Government ceased doing business in 2001.  Compl. at ¶ 17.  The surety bonds in the four

---

[2] The initial bond was for November 11, 1996 to November 11, 1997 and the bond was re-issued for following four years: November 11, 1997 to November 11, 1998, November 11, 1998 to November 11, 1999, November 11, 1999 to November 11, 2000, and November 11, 2000 to November 11, 2001. See Compl. at ¶¶ 16-17; Cooper v. Hartford Fin. Servs. Group, Inc., No. 04-CV-383, 2005 WL 1378907, at *1 n.1 (D.D.C. June 9, 2005).

2

revival years are the bonds at issue in this lawsuit.[3]

On June 9, 2005, in a memorandum opinion regarding cross-motions for summary judgment, Judge Kennedy determined that First Government's bond was "cumulative," meaning that Hartford could be held liable for up to $50,000 for each year that the bond was in effect. Cooper v. Hartford Fin.Servs. Group, Inc., No. 04-CV-383, 2005 WL 1378907, at *1, *4 (D.D.C. June 9, 2005). Having found that the bond was cumulative, Judge Kennedy awarded plaintiffs the full $50,000 amount on each of the bonds for Year 1 and Year 2, $18,000 on the bond for Year 3, and $8,000 on the bond for Year 4. Id. at *4-5. Thereafter, in order to obtain further recovery, plaintiffs moved for summary judgment on their claim for attorneys' fees incurred during Year 3 and Year 4. Cooper v. Hartford Fin. Servs. Group, Inc., No. 04-383, Memorandum Opinion at 3-4 (D.D.C. Jan. 5, 2006). The Court denied their motion on the ground that plaintiffs had not demonstrated that the attorneys' fees were connected to the claims incurred in Year 3 and Year 4. Id. at 6-7.

Plaintiffs have now moved for post- and pre-judgment interest on the damage awards, as well as on any attorneys' fees that Judge Kennedy may grant in the future. First, plaintiffs seek post-judgment interest on the awards of $18,000 and $8,000. Plaintiffs also seek post-judgment interest on whatever other amounts this Court awards in attorneys fees from the date fees were awarded against First Government, August 22, 2003, to the date the judgment is paid in this case, up to a maximum of principal and interest of $50,000 per year. Pls. Mot. at 1. Second, plaintiffs seek pre-judgment interest on the two $50,000 awards, the $18,000 and the $8,000 awards, and

---

[3] For ease of discussion, I will refer to the four bond years at issue, *i.e.,* the four renewal years, see Compl. at ¶ 29, as Year 1, Year 2, Year 3, and Year 4 respectively.

on any attorneys' fees awarded, calculated from the date that the Court awarded attorneys' fees in the First Government case, August 22, 2003, to the date of the judgment in the present case. Id. at 1-2.

## DISCUSSION

A.    **Post-Judgment Interest**

Plaintiffs are not, by their motion, seeking post-judgment interest on any judgment issued in this case, but rather on the June 10, 2003 judgment issued in the prior lawsuit against First Government. Specifically, plaintiffs argue that "Hartford stands in First Government's shoes, at least to the maximum of $50,000 per year . . . [and that] Hartford should be liable for the postjudgment interest that has accrued on [the award against First Government] from June 10, 2003 to the date of payment." Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Award of Prejudgment and Postjudgment Interest ("Pls. Mem.") at 2-3.[4] Plaintiffs state that they are not seeking post-judgment interest on the Year 1 and Year 2 bonds because Hartford has already been found liable for the "full limit of its bonds" for those years. Id. at 2. Therefore, they are only seeking post-judgment interest on the $18,000 Year 3 award and the $8,000 Year 4 award.

The problem with plaintiffs' argument is that their entitlement to post-judgment interest from First Government did not begin to accrue until 2003, when the judgment was entered in that case. As Judge Kennedy explained in a recent opinion, "there was a separate $50,000 surety bond in place for each year at issue, and . . . damages for an injury that occurred in a given year

---

[4] The Court notes that, in some places, plaintiffs state that they are seeking interest from August 22, 2003, and, in other places the date given is June 10, 2003. Because I am recommending that their request be denied, I find that it is unnecessary to resolve this conflict.

could only be compensated by the bond in effect during that same year." Cooper, No. 04-CV-383, Memorandum Opinion at 5 (D.D.C. Jan. 5, 2006). Plaintiffs' argument relies on an assumption that the interest accrued on the 2003 judgment relates back to the date of the injuries at issue in their suit against First Government. Since plaintiffs filed their present motion, Judge Kennedy rejected a similar assumption in the context of plaintiffs' claim for attorneys' fees.

Specifically, on January 5, 2006, Judge Kennedy denied plaintiffs' motion for summary judgment as to their claim that Hartford is liable for attorneys' fees incurred during Year 3 and Year 4. Id. at 1. He explained that plaintiffs were not entitled to compensation from the bonds for the sought-after attorneys' fees unless they could show that the attorneys' fees were connected to injuries that occurred during those same years. Id. at 6-7. Judge Kennedy illustrated his holding with the following hypothetical:

> Assume Party A is injured in Year 3, suffers actual damages of $50,000 in Year 3, and then accrues $50,000 of attorneys' fees in Year 4 as part of the effort to recoup the Year 3 damages. If Party A receives a favorable judgment in Year 4, under plaintiffs' theory, Party A would receive $100,000—$50,000 from the Year 3 funds and $50,000 from the Year 4 funds. However, anyone subsequently injured in Year 4 would have no opportunity to recoup their damages from the Year 4 funds, as the funds would have already been disbursed. This inequitable outcome demonstrates why Hartford's construction of the manner in which attorneys' fees may be recouped is more persuasive. Accordingly, in order to recover any attorneys' fees from the balance of the bond for Year 3 and Year 4, regardless of which year those fees were accrued, plaintiffs must demonstrate that those fees are related to the injuries that occurred in Year 3 or Year 4.

Id. In light of Judge Kennedy's holding and illustration, it appears that attorneys' fees would only be recoverable against a given bond if (1) they were incurred during the bond year, and (2) they were connected to an injury, compensable from the surety bond, that occurred during that

same year.

This logic applies equally in the context of post-judgment interest. Plaintiffs' claim for compensation from Hartford for post-judgment interest owed by First Government constitutes an additional claim against the bond. Accordingly, in opposing plaintiffs' motion for post-judgment interest, defendant is right to argue that plaintiffs' claim for post-judgment interest did not accrue until 2003, long after the bonds had expired and, therefore, would not be compensable from the Year 3 or Year 4 bonds. See Memorandum of Points and Authorities in Support of Defendant Hartford Financial Services Group's Opposition to Plaintiffs' Motion for Award of Pre-Judgment and Post-Judgment Interest ("Defs. Opp'n") at 7. For the forgoing reasons, I recommend that plaintiffs' claim for post-judgment interest from the Year 3 and Year 4 bonds be denied.

    **B.**    **Pre-Judgment Interest**

Plaintiffs argue that, under D.C. Code § 15-108, they are entitled to pre-judgment interest on the $50,000 awards from Year 1 and Year 2 bonds, as well as on the $18,000 and $8,000 awards from Year 3 and Year 4, calculated from the date of the judgment against First Government to the date of judgment in this case. Pls. Mot. at 1-2. Plaintiffs also argue that they are entitled to pre-judgment interest on any amount that the Court may award for attorneys' fees incurred during Year 3 and Year 4. Id. at 2. Plaintiffs explain that, unlike post-judgment interest, the $50,000 yearly cap does not apply to their pre-judgment interest claim because such interest is based directly on Hartford's own liability, and not calculated derivatively from First Government's liability. Pls. Mem. at 3.

Section 15-108 of the District of Columbia Code provides the following:

> In an action in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia to recover a liquidated debt on which interest is payable by contract or by law or usage the judgment for the plaintiff shall include interest on the principal debt from the time when it was due and payable, at the rate fixed by the contract, if any, until paid.

D.C. Code § 15-108. This statute is remedial and should be generously construed so that the wronged party can be made whole. District Cablevision Ltd. P'ship v. Bassin, 828 A.2d 714, 732 (D.C. 2003). Its purpose is not punitive, but rather to account for the time value of money. See Fed. Mktg. Co. v. Virginia Impression Prods. Co., Inc., 823 A.2d 513, 531 (D.C. 2003). Specifically, "where the plaintiff has lost use of his money, 'a denial of prejudgment interest would deny full compensation to the [plaintiff] while allowing the recalcitrant party to take advantage of his own wrong and become the richer for it.'" Bragdon v. Twenty-Five Twelve Assocs., Ltd. P'ship, 856 A.2d 1165, 1171 (D.C. 2004) (quoting Celtech, Inc. v. Broumand, 584 A.2d 1257, 1260 n.7 (D.C. 1991)).

There are two requirements that generally must be met in order for the statute to apply. First, the action must be one to recover a "liquidated debt." See D.C. Code § 15-108. Second, interest must be payable on the debt "by contract or by law or usage." See id. "If these factors are met, pre-judgment interest will be awarded on the principal debt from the time it was due and payable." Athridge v. Iglesias, 382 F. Supp. 2d 42, 49 (D.D.C. 2005).

Plaintiffs argue that the debt was liquidated because, although the amount of the debt was in dispute, it was readily ascertainable. Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion for Award of Pre-Judgment and Post-Judgment Interest ("Pls. Reply") at 3. In opposition, Hartford argues that the amount of the debt was not liquidated because "[a]t the

inception of this litigation, it was unclear under District of Columbia law whether Hartford's obligation as surety was limited to $50,000 or whether Hartford was liable for $50,000 in each of four bond periods" and because "the amount owed to plaintiffs in attorneys' fees has yet to be determined by this Court." Defs. Opp'n at 3-4.

Within the meaning of the statute, "[a] liquidated debt is one which 'at the time it arose . . . was an easily ascertainable sum certain.'" District of Columbia v. Pierce Assoc., Inc., 527 A.2d 306, 311 (D.C. 1987) (quoting Kiser v. Huge, 517 F.2d 1237, 1251 (D.C. Cir. 1974)). Here, the amount of plaintiffs' judgment against First Government cannot be disputed and the value of each bond was undeniably $50,000. The mere fact that there was a legal dispute over whether the bond was "continuous" or "cumulative," or whether plaintiffs were entitled to compensation for attorneys' fees, does not change the fact that the amounts at issue have always been fixed and readily ascertainable. In contrast to the cases in which courts in the District of Columbia have found that a debt owed was unliquidated, it is clear that the debt in this case is ascertainable. See General Ry. Signal Co. v. Wash. Metro. Area Transit Auth., 875 F.2d 320, 328 (D.C. Cir. 1989) (where parties disputed the proper amount of an equitable adjustment to payment under a contract, the court found that that portion of the debt was clearly unliquidated); Pierre Equip. Co., Inc. v. Griffith Consumers Co., 831 A.2d 1036, 1041 (D.C. 2003) (where plaintiff brought an action for contribution from defendant in payment of an $850,000 settlement that was entered into in a prior lawsuit and where the jury ultimately held that plaintiff was entitled to $600,000 in contribution, the court held that the debt was unliquidated because there was no sum certain until after the jury returned its verdict); Schwartz v. Swartz, 723 A.2d 841, 843-44 (D.C. 1998) (where an attorney sued his former client in quantum meruit for payment of legal services

rendered under a retainer agreement that did not contain a fixed fee arrangement, the court held that the debt was unliquidated).

Regardless, to the extent that the legal disputes regarding the nature of the bonds and plaintiffs' entitlement to attorneys' fees may have rendered Hartford's debt unliquidated, the statute is remedial and is to be generously construed and, in determining whether to award pre-judgment interest, the liquidated nature of a debt has decreased in significance over in modern years. As the District of Columbia Court of Appeals explained:

> In modern times the "penalty theory" of prejudgment interest increasingly has given way to the "loss" or "unjust enrichment" theory. This concept characterizes prejudgment interest as merely another element of damages, rather than as punishment for the wrongdoing of the defendant. Under the loss theory, whether the amount of debt is readily ascertainable is irrelevant; the important question is whether the plaintiff has been deprived of the use of the money withheld and should be compensated for the loss. *See* Recent Developments, *supra*, 15 Stan. L. Rev. at 109-10. Although courts have been slow to give up the traditional dichotomy between liquidated and unliquidated debts, the increasing acceptance of the loss theory has been reflected in the creation of statutes and judicial exceptions, such as that in D.C. Code § 15-109, which give the court discretion to allow prejudgment interest even when the debt amount is unliquidated.

Pierce Assocs., Inc., 527 A.2d at 310.

With regard to the second element, plaintiffs do not argue that the interest is payable by contract or law, but that it is payable by usage. Specifically, plaintiffs argue that, "[i]f a debt is due and not paid, then the payment of interest is an ordinary obligation, and no more need be shown." Pls. Mem. at 4. In other words, they argue that "it is customary to pay interest on funds that are due and owing but not paid." Pls. Reply at 4. In contrast, Hartford argues that plaintiffs

must show that pre-judgment interest has been awarded under similar circumstances, in a case that is analogous in principle. Defs. Opp'n at 5. Specifically, Hartford argues that plaintiff must cite to "District of Columbia case law indicating that pre-judgment interest is payable by a surety on a statutory bond by law or usage." Id. at 4-5. The truth is surely somewhere in between. As the District of Columbia Court of Appeals explained in Riggs Nat'l Bank v. District of Columbia, 581 A.2d 1229 (D.C. 1990), a plaintiff is not required to demonstrate that it is customary to award pre-judgment interest on the specific type of claim at issue, but rather, that "such interest [has] been held to be recoverable in a case which [can be] viewed as analogous in principle." Id. at 1255.

In the present case, plaintiffs have been deprived of the use of money owed to them from First Government's bonds with Hartford, while Hartford has retained use of that money. Similarly, in Waterview Mgmt. Co. v. Fed. Deposit Ins. Corp., 257 F. Supp. 2d 31 (D.D.C. 2003), this district court held that the Federal Deposit Insurance Corporation owed a bank customer pre-judgment interest on the customer's recovery for an unsecured claim against that bank because, to hold otherwise, would reduce the customer's recovery by the time value of money. Id. at 34-36. In another analogous case, Nationwide Mut. Ins. Co. v. Bradby, Inc., No. 89-1525, 1990 U.S. Dist. LEXIS 1729 (D.D.C. Jan. 11, 1990), this district court held that plaintiff, an insurance company, was entitled to pre-judgment interest on an amount that defendant, an electrical subcontractor, owed plaintiff in indemnity for a judgment against plaintiff as the insured for the general contractor in a prior lawsuit. Id. at *9. In both of these cases, the plaintiffs were trying to collect payments that became due from the defendants as a result of the parties' relationship with a third party. Accordingly, given the general principle that

10

plaintiffs should be compensated for the time value of money and the fact that pre-judgment interest has been awarded in other cases where the plaintiffs were seeking to collect payment as a result of the defendant's relationship with a third party, I recommend that plaintiffs' request for pre-judgment interest be granted.

In order to determine whether and to what extent plaintiffs are entitled to the pre-judgment interest they presently seek, it is also necessary to determine when Hartford's debt became due and payable. Plaintiffs argue that, because First Government was bankrupt at the time that judgment was entered against it, Hartford became liable as soon as that judgment was entered. Pls. Mem. at 3. Indeed, according to plaintiffs' complaint, they made a demand on Hartford for payment on the bonds on August 22, 2003, the day that attorneys' fees were awarded against First Government. Compl. at ¶ 30. In its opposition, Hartford raises no arguments to refute the application of this date. Therefore, I recommend that pre-judgment interest be calculated from the date that final judgment was entered against First Government to the date that final judgment is entered in this case.

## CONCLUSION

For the forgoing reasons, I recommend that plaintiffs' motion be denied as to post-judgment interest and granted as to pre-judgment interest.

**Failure to file timely objections to the findings and recommendations set forth in this report may waive your right of appeal from an order of the District Court adopting such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985).**

                                        _____
                                        JOHN M. FACCIOLA
                                        UNITED STATES MAGISTRATE JUDGE

Dated: